MARK E. GREEN, M.D.
7TH DISTRICT, TENNESSEE

2446 RAYBURN BUILDING
WASHINGTON, D.C. 20515
(202) 225–2811

305 PUBLIC SQUARE
SUITE 212
FRANKLIN, TN 37064
(629) 223–6050

128 N. SECOND STREET
SUITE 104
CLARKSVILLE, TN 37040
(931) 266–4483



# Congress of the United States
## House of Representatives
### Washington, D.C. 20515

COMMITTEE ON FOREIGN AFFAIRS
RANKING MEMBER OF THE SUBCOMMITTEE ON
THE WESTERN HEMISPHERE, CIVILIAN SECURITY,
MIGRATION AND INTERNATIONAL ECONOMIC POLICY
SUBCOMMITTEE ON ASIA, THE PACIFIC,
CENTRAL ASIA AND NONPROLIFERATION

COMMITTEE ON ARMED SERVICES
SUBCOMMITTEE ON TACTICAL AIR AND
LAND FORCES
SUBCOMMITTEE ON READINESS

SELECT SUBCOMMITTEE ON
THE CORONAVIRUS CRISIS

October 5, 2022

Steven M. Dettelbach
Director
Bureau of Alcohol, Tobacco, Firearms, and Explosives
99 New York Avenue NE
Washington, DC 20226

Director Dettelbach:

In June 2021, President Biden announced that his administration would begin implementing a "zero tolerance" policy for federal firearms dealers who willfully violate the law. The ATF, per his announcement, would seek to revoke licenses of dealers in the first instance of a willful violation of law and, in some reported instances, for a violation of the law even if there is no clear basis to establish that the violation was willful. Many Federal Firearms Licensees report that over the course of the past year, revocation proceedings have been initiated at a rapid pace for minor infractions that were unintentional and generally involved technical or clerical mistakes. There are also reports that revocation proceedings have been later initiated even after a warning letter or warning conference concluded the matter.

In essence, it now appears that the Congressional requirement of a "willful violation" has been twisted into "negligence" or even mere human errors – a major distinction that ignores the plain language and intent of the law that Congress has enacted and that the ATF is bound to follow. Congress had no intent to authorize the ATF to strangle the chain of distribution through which citizens are generally expected to purchase firearms.

The Firearms Owners' Protection Act requires the Attorney General to approve any application for a Federal Firearms License that meets the relevant criteria. Under 18 U.S.C. 923, a Federal Firearms License applicant must not have "willfully violated" the law or willfully failed to disclose required material information, among other requirements. The Attorney General then has a 60-day period in which to approve or deny such an application.

18 U.S.C. 923(e) provides that the Attorney General may revoke a license if the license holder has willfully violated any provision of Chapter 44. Revocations may be granted only for willful violations, not unintentional errors or technical mistakes. Additionally, the revocation process requires notice and opportunity for hearing, and judicial review of such denials or revocations is required to be *de novo*.

In the recent landmark decision of *West Virginia vs. EPA*, the Supreme Court rebuked an administrative agency that sought to exercise power on major policy beyond what Congress had enacted in the statute. The ATF's power to revoke licenses from gun dealers is an authority with a significant bearing on the ability of citizens to acquire firearms as they seek to exercise their constitutional right to keep and bear arms. It is no trivial or technical matter left to agency discretion – it has significant

Case 3:23-cv-00544     Document 1-15     Filed 05/26/23     Page 1 of 2 PageID #: 487

consequences. As such, when Congress passed laws on this matter, it meant precisely what it said. ATF should apply the laws to seek and encourage the education and compliance of licensees under its supervision, not with an agenda to seek to terminate licensees who have a minor quantity of violations and are able to demonstrate a willingness and desire to improve.

In fact, the term "willfully" in the Firearms Owners' Protection Act clearly refers to acts done with intent. In its most obvious and straightforward usage, it distinguishes between deliberate acts and unwitting accidental conduct. As a general matter, establishing a willful violation of federal statute requires that "the Government must prove that the defendant acted with knowledge that his conduct was unlawful."[1] In the case of *Bryan v. United States* (1998), the Court spoke to the clear underlying aim of FOPA in the course of upholding the conviction of an unlicensed dealer, stating that "**FOPA was enacted to protect law-abiding citizens who might inadvertently violate the law.**"[2] Additionally, it must be noted that the law specifically added the "willfully violated" term into the statute as it sought to clarify the application of ATF's enforcement power with respect to licensees.

In light of the clear purpose and meaning of the law, the ATF must respect the limitations that Congress has imposed on this process. The ATF needs to work with licensees to improve compliance practices instead of weaponizing the revocation authority. The laws are intended to ensure that the government can prosecute unscrupulous gun dealers who intentionally and willfully sell firearms to those who are not allowed to have them and refuse to cooperate with investigations of crimes, while protecting those FFLs who may inadvertently make minor paperwork errors but are fairly seeking to comply with federal firearm laws as enacted by Congress. It is not a matter left to the discretion of administrators or even the President – it is the clear statutory prescription of Congress.

I look forward to hearing how your agency plans to ensure that its enforcement power remains targeted on those who are engaged in willful noncompliance with the law and otherwise works in cooperation with FFLs who may inadvertently commit minor infractions. To start that process, I am requesting that you provide me with a report of all the federal firearms dealers who have had compliance inspections since January 1, 2018, in Tennessee, which report should detail the violations which were identified by ATF, the circumstances identified by ATF on the issue of whether the violations were willful, whether ATF undertook any adverse action against those licensees, and whether any of those licensees surrendered their licenses or had their licenses suspended or revoked. I am requesting this report by December 1, 2022.

Sincerely,

*[signature: Mark E. Green]*

Mark E. Green, M.D.
Member of Congress

---

[1] Ratzlaf v. United States, 510 U.S. 135, 137 (1994)
[2] *Bryan v. United States,* 524 U.S. 184, 11 n. 23 (emphasis added)