U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License

In the matter of:

☐ The application for license as a/an _____ , filed by:

or

☑ License Number 1-62-125-07-3K-09828 _____ as a/an

Dealer in Firearms, Including Pawnbroker, Other than Destructive Devices _____ , issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
The Tactical Edge, LLC
219 Industrial Drive, Unit B
Clarksville, TN 37040

---

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

    ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____ .

    ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

    ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

    ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

    ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____

    ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☑ 15 calendar days after receipt of this notice, or ☐ _____

    ☐ license is suspended for _____ calendar days, effective _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p).

    ☐ licensee is fined $ _____ , payment due: _____ , pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 302 Innovation Drive, Suite 300, Franklin, TN 37067 _____ ,

prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 03 29 2023 | Steven A. Kolb, Director, Industry Operations | |

I certify that, on the date below, I served the above notice on the person identified below by:

- [✓] Certified mail to the address shown below. Tracking Number: 70153010000058424796

**Or**

- [ ] Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 03/29/2023 | Executive Assistant | |

| Print Name and Title of Person Served | Signature of Person Served |
|---|---|
| William Boswell, Robert Snyder | |

Address Where Notice Served
219 Industrial Drive, Unit B, Clarksville, TN 37040

Note: Previous Edition is Obsolete

## Background

On June 30, 2022, a Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF Form 4500 (5300.4) was issued by the Director of Industry Operations ("DIO"), Nashville Field Division, to The Tactical Edge, LLC ("Licensee"), 1925 Fort Campbell Boulevard Unit C, Clarksville, Tennessee, Federal firearms license number 1-62-125-07-4B-08127 and 219 Industrial Drive Unit B, Clarksville, Tennessee, Federal firearms license number 1-62-125-07-3K-09828.[1] A request for a hearing was timely received from the Licensee on July 8, 2022. On January 24, 2022, a hearing was conducted with regards to the Notice to Revoke or Suspend License and/or Impose a Civil Fine, ATF Form 4500 (5300.4).

The hearing was held on January 24, 2023, at the ATF Nashville Field Division Office in Franklin, Tennessee. The hearing was conducted by myself, ATF Director of Industry Operations (DIO) Steven Kolb. ATF was represented by ATF Attorney Jennifer Crim. ATF Industry Operations Investigator (IOI) Grant Allen appeared as a witness on behalf of the Government. Licensee's responsible persons William Boswell, Robert Snyder, and Dalton Houston appeared as witnesses on behalf of Licensee. The hearing was recorded and transcribed by the Government through a court reporter service. Both sides offered testimony and exhibits. The testimony, transcript, and exhibits introduced at the hearing constitute the complete administrative record in this proceeding.

## Findings of Fact

Having reviewed the record in this proceeding, I make the following findings:

1. Mr. Boswell and Mr. Snyder serve as responsible persons[2] for both licenses. Mr. Houston serves as an additional responsible person on Federal firearms license number 1-62-125-07-4B-08127 located at 1925 Fort Campbell Boulevard Unit C, Clarksville, Tennessee.

2. ATF first issued a Federal firearms license to Licensee in 2015. As part of that inspection, ATF also reviewed relevant Federal firearms laws and regulations with Licensee. Among the items covered by the IOI were the regulations related to National Instant Criminal Background Check System (NICS) requirements and ATF Form 4473. Licensee signed an Acknowledgment of Federal Firearms Regulations form indicating that ATF explained the information listed on the form related to the firearms law and regulations. (See Government Exhibit 10).

3. In 2018, ATF initiated a compliance inspection of Licensee's business premises. The compliance inspection resulted in the issuance of a Report of Violations, which identified 11

---

[1] William Boswell and Robert Snyder serve as responsible persons for both licenses, therefore willful violations at one location are attributable to Licensee at the other location as well. Mr. Dalton Houston serves as an additional responsible person on Federal firearms license number 1-62-125-07-4B-08127 located at 1925 Fort Campbell Boulevard Unit C, Clarksville, Tennessee. All references to "Licensee" refer to both locations.

[2] "Responsible Person - In addition to a Sole Proprietor, a Responsible Person is, in the case of a Corporation, Partnership, or Association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management, policies, and practices of the Corporation, Partnership, or Association, insofar as they pertain to firearms." ATF Form 7, Application for Federal Firearms License (See Government Exhibit 9).

regulatory violations with multiple instances of many of the violations, including the failure to conduct a background check in violation of 27 C.F.R. § 478.102 and the failure to properly complete ATF Form 4473s in violation of 27 C.F.R. § 478.124(c)(iii)(iv), 27 C.F.R. § 478.124(c)(5), and 27 C.F.R. § 478.21(a). As part of that inspection, ATF also reviewed relevant Federal firearms laws with Licensee. Among the items covered by the IOI were the regulations related to NICS requirements and ATF Form 4473. Licensee again signed an Acknowledgment of Federal Firearms Regulations form indicating that ATF explained the information listed on the form related to the firearms laws and regulations. (See Government Exhibit 10).

4. As a result of the 2018 inspection, responsible persons Mr. Boswell and Mr. Snyder attended a warning conference with ATF in which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of its license." (See Government Exhibit 10).

5. In 2020, ATF initiated a compliance inspection of Licensee's business premises. The compliance inspection resulted in the issuance of a Report of Violations, which identified 15 regulatory violations with multiple instances of many of the violations, including the failure to conduct a background check in violation of 27 C.F.R. § 478.102 and the failure to properly complete ATF Form 4473s in violation of 27 C.F.R. § 478.124(c)(iii)(iv), 27 C.F.R. § 478.124(c)(5), and 27 C.F.R. § 478.21(a). As part of that inspection, ATF also reviewed relevant Federal firearms laws with Licensee. Among the items covered by the IOI were the regulations related to NICS requirements and ATF Form 4473. Licensee signed an Acknowledgment of Federal Firearms Regulations form indicating that ATF explained the information listed on the form related to the firearms laws and regulations. (See Government Exhibit 10).

6. As a result of the 2020 inspection, responsible persons Mr. Boswell and Mr. Snyder attended a warning conference with ATF in which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of its license." (See Government Exhibit 10).

7. On March 1, 2022, ATF initiated a compliance inspection of Licensee's business premises. The compliance inspection resulted in the issuance of a Report of Violations, which identified four regulatory violations with multiple instances of two of the violations. Those regulatory violations were included in the Notice of Revocation issued to The Tactical Edge, LLC. After presiding over the hearing and reviewing the record in this matter, I find that the facts set forth in the Notice of Revocation occurred.

8. The evidence in the record establishes that Licensee committed the following willful violations:

    a. On one occasion, Licensee willfully transferred a firearm to an unlicensed person without first contacting NICS before allowing the transfer, in violation of 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102.

This violation was established by the admitted exhibits and hearing testimony. IOI Allen identified documentary evidence showing that Licensee willfully failed to comply with 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 on one occasion. Specifically, Licensee transferred a firearm to the following unlicensed person on the following date, without initiating a new NICS or Tennessee Instant Background Check System (TICS) check after the 30-day time period had lapsed:

| Transferee's Name | Date |
|---|---|
| Welch, Felicia | 10/16/2021 |

Tennessee is a recognized point of contact State for NICS, which means that Federal firearms licensees conduct background checks through TICS on potential firearms purchasers. A background check may only be relied upon by a licensee for a period not to exceed 30 calendar days from the date TICS/NICS was initially contacted. 27 C.F.R. § 478.102(c).

Specifically, the initial background check of Felicia Welch was conducted on September 8, 2021, and Licensee received a "denied" response from TICS. A denied response means that the background check showed some type of prohibiting information for the purchaser and the firearm could not be transferred. Subsequently, TICS overturned the denial on October 13, 2021. An overturned response means that TICS ultimately determined the individual was not prohibited from purchasing the firearm. The written documentation from TICS notifying Licensee of the overturned response included the following caveat for Licensee regarding the 30-day time limitation for a background check: "If the appeal of denial took over the 30 days allowed; the dealer will have to run a new TICS background check." This communication was received by Licensee. Licensee then transferred the firearm to Ms. Welch on October 16, 2021, without initiating a new TICS check. On this occasion, the transfer of the firearm occurred more than 30 days, specifically 38 days, after the initial TICS check was conducted, and Licensee failed to initiate a new TICS check prior to completion of the transfer as required.

IOI Allen's testimony established that Licensee's failure to comply with 27 C.F.R. § 478.102 was willful because Licensee was aware of the duty to conduct the requisite background check before allowing a firearms transfer. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations governing licensees, including 27 C.F.R. § 478.102. Further, Licensee was previously cited with violating 27 C.F.R. § 478.102 during both the 2018 and 2020 compliance inspections. As a result of both the 2018 and 2020 compliance inspections, Licensee attended warning conferences with ATF in which violations and proposed corrective actions were reviewed. Following the warning conferences, ATF sent letters stating, "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of its license." (See Government Exhibit 10). IOI Allen testified that the requirement to conduct background checks in accordance with the law and regulation is important because it prevents the transfer of a firearm to someone who is prohibited from owning or possessing a firearm. Licensee failed to offer any explanation for this violation

other than to just say it was a "mistake."

    b. On two occasions, Licensee willfully transferred a firearm to a non-licensee without recording the date Licensee contacted NICS, any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(3)(iv).

This violation was established by the admitted exhibits and hearing testimony. IOI Allen identified documentary evidence showing that Licensee willfully failed to comply with 27 C.F.R. § 478.124(c)(3)(iv) on two occasions. The evidence demonstrated that Licensee willfully failed to record the date Licensee contacted NICS or TICS, any response provided by the system and/or any identification number provided by the system on the Firearms Transaction Record, ATF Form 4473 for two different transactions with the following non-licensees on the following dates:

| Transferee's Name | Date | Discrepancy |
|---|---|---|
| Turner, William | 10/18/2021 | Item 27c blank. |
| Burns, Michael | 04/05/2021 | Item 27c blank. |

IOI Allen's testimony established that Licensee's failures to comply with these requirements related to ATF Form 4473 were willful because Licensee was aware of the requirements in the regulation. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations for licensees, including 27 C.F.R. § 478.124. Further, Licensee was previously cited with violating 27 C.F.R. § 478.124(c)(3)(iv) during both the 2018 and 2020 compliance inspections. As set forth above, Licensee attended warning conferences in 2018 and 2020 during which violations and proposed corrective actions were reviewed. (See Government Exhibit 10). IOI Allen testified that compliance with 27 C.F.R. § 478.124(c)(3)(iv) is important because this information on the ATF Form 4473 shows that the background check was conducted properly. IOI Allen also explained that attaching TICS forms does not excuse a Licensee from properly completing the ATF Form 4473 in compliance with the regulation. Licensee failed to offer any explanation for this violation other than to point out that it attached printouts from TICS to the ATF Form 4473s. Licensee also stated this violation was a "mistake."

    c. On one occasion, Licensee willfully failed to sign and/or date the Firearms Transaction Record, ATF Form 4473 certifying that Licensee does not know or have reason to believe the transferee is disqualified by law from receiving the firearm described on the Form, in violation of 18 U.S.C. § 923(g)(1)(A) and 27 C.F.R. § 478.124(c)(5).

This violation was established by the admitted exhibits and hearing testimony. IOI Allen identified documentary evidence showing that Licensee willfully failed to comply with 27 C.F.R. § 478.124(c)(5) on one occasion. The regulation requires a licensee to sign and/or date the ATF Form 4473 certifying that Licensee does not know or have reason to believe the transferee is disqualified by law from receiving the firearm described on the ATF Form 4473. Licensee failed to date the ATF Form 4473 related to the following transaction:

| Transferee's Name | Date | Discrepancy |
|---|---|---|
| McClure, Mekayla | 10/01/2021 | Item 36 blank. |

IOI Allen's testimony established that Licensee's failure to comply with 27 C.F.R. § 478.124(c)(5) was willful because Licensee was aware of the requirements in the regulation. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations for licensees, including 27 C.F.R. § 478.124. Further, Licensee was previously cited with violating 27 C.F.R. § 478.124(c)(5) during both the 2018 and 2020 compliance inspections. As set forth above, Licensee attended warning conferences in 2018 and 2020 during which violations and proposed corrective actions were reviewed. (See Government Exhibit 10). IOI Allen testified that compliance with 27 C.F.R. § 478.124(c)(5) is important because in this particular transaction, ATF could not determine when the firearm was transferred based on the ATF Form 4473. Licensee failed to offer any explanation for this violation other than to just say it was a "mistake."

    d. On six occasions, Licensee willfully failed to obtain/execute the Firearms Transaction Record, ATF Form 4473 as indicated by the headings on the Form and the instructions on or pertaining to the Form, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.21(a).

This violation was established by the admitted exhibits and hearing testimony. IOI Allen identified documentary evidence showing that Licensee willfully failed to comply with 27 C.F.R. § 478.21(a) on six occasions. The regulation requires a licensee to obtain/execute the ATF Form 4473 as indicated by the headings on the Form and the instructions on or pertaining to the Form. Licensee failed to properly complete the ATF Form 4473 on the following transactions on the following dates:

| Transferee's Name | Date | Discrepancy |
|---|---|---|
| Rodriguez, Daniel | 10/19/2021 | Failure to follow instructions regarding Item 21a. |
| Smith, Shadamu | 03/13/2021 | Failure to follow instructions regarding Item 21a. |
| Brownfield, Jonathan | 03/31/2021 | Item 23 incorrect. |
| Lavrov, Vladislav | 11/23/2021 | Item 23 incorrect. |
| Stiles, Zachary | 12/04/2021 | Item 23 incorrect. |
| Stanley, Kevin | 06/14/2021 | Item 6 blank. |

IOI Allen's testimony established that Licensee's failure to comply with 27 C.F.R. § 478.21(a) was willful because Licensee was aware of the requirements in the regulation. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations for licensees, including 27 C.F.R. § 478.21. Further, Licensee was previously cited with violating 27 C.F.R. § 478.21 during both the 2018 and 2020 compliance inspections. As set forth above, Licensee attended warning conferences in 2018 and 2020 during which violations and proposed corrective actions were reviewed. (See Government Exhibit 10). IOI Allen testified that compliance with 27 C.F.R. § 478.21 is important because this information on the ATF Form

4473 allows ATF to confirm the number of firearms being transferred, that the purchaser is who they say they are, and that the purchaser understands the forms. For example, two of the instances of this violation involve Licensee's failure to stop the transfer when the purchaser indicated they were not the actual transferee/ buyer in Item 21a of the ATF Form 4473. The instructions on the ATF Form 4473 clearly state: "If you are not the actual transferee/ buyer, the licensee cannot transfer the firearm(s) to you." Despite this warning, Licensee transferred the firearms to two separate purchasers who stated they were not the actual transferee/ buyer. IOI Allen also explained that there is a general requirement for Licensees to comply with all Federal firearms laws and regulations. Licensee failed to offer any explanation for this violation other than to just say it was a "mistake."

**Conclusions of Law**

Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if Licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. §§ 478.73 - 478.74.

For purposes of the regulatory provisions of the GCA, a violation is "willful" if the Licensee knew of its legal obligations and acted with a reckless disregard for or deliberate or plain indifference to them. *Armalite v. Lambert*, 544 F.3d 647 (6th Cir. 2008); *Appalachian Resources Development Corporation v. McCabe*. 387 F.3d 461 (6th Cir. 2004).

The Sixth Circuit has held the term "willfully" within the GCA does not require a showing of a bad purpose. *Appalachian,* 387 F.3d at 464 (6th Cir. 2004). Repeated negligence can become recklessness. *Armalite*, 544 F.3rd at 650.

"A single willful violation of the GCA is enough to deny a Federal firearms license application or revoke a Federal firearms dealer's license." *Shaffer v. Holder*, No. 1:09-0030, 2010 WL 1408829, at *10 (M.D. Tenn. Mar. 30, 2010) (citing *Appalachian* at 464 (6th Cir.2004).

Furthermore, "'[i]mproper recordkeeping is a serious violation.'" *Fin & Feather Sport Shop, Inc. v. U. S. Treasury Dept.*, 481 F. Supp. 800, 806 (Neb. 1979) *quoting Huddleston v. United States*, 415 U.S. 814, 824 (1974). "Thus, a firearms dealer, by failing to keep the required records, seriously undermines the effectiveness and purpose of the Act and ultimately endangers society." *Fin & Feather*, 482 F. Supp. at 806. ATF has the right to insist on total compliance with the GCA to retain the privilege of dealing in firearms. *Willingham Sports, Inc. v. ATF*, 348 F.Supp.2d 1299, 1309 n.14 (S.D. Ala. 2004) ("gravity of the policy objectives of the Gun Control Act, from both a law enforcement standpoint and a safety standpoint, strongly militates in favor of allowing the ATF to insist on total compliance as a condition of retaining the privilege of dealing in firearms."); *Dick's Sport Center, Inc. v. Alexander*, No. 2:04-CV-74482, 2006 WL 799178, at *5 (E.D. Mich. Mar. 29, 2006) (a licensee's "failure to comply with exacting book keeping regulations may hinder the ATF's ability to perform its mandated function.").

A critical responsibility of a licensee is to help ensure that the GCA requirements are met. *See A-TAC Gear Guns Uniforms LLC v. U.S. Dep't of Just., Bureau of Alcohol, Tobacco, Firearms & Explosives*, 530 F. Supp. 3d 1033, 1039 (D. Colo. 2021) ("ATF cannot monitor every single

firearms dealer at every moment. The Act's effectiveness thus rests largely on dealers' taking its regulations seriously.").

Additionally, Licensees are legally responsible for the acts of their employees. *Bankston v. Then*, 615 F.3d 1364, 1369 (11th Cir. 2010).

After consideration of all relevant facts and circumstances presented by Licensee and the Government, I find that Licensee willfully violated the GCA.

The Tactical Edge, LLC holds two Federal firearms licenses. As set forth above, Mr. Boswell and Mr. Snyder serve as responsible persons for both licenses. Mr. Houston serves as an additional responsible person on Federal firearms license number 1-62-125-07-4B-08127 located at 1925 Fort Campbell Boulevard Unit C, Clarksville, Tennessee. The willful violations of The Tactical Edge, LLC at its 1925 Fort Campbell Boulevard Unit C, Clarksville, Tennessee location are attributable to Mr. Boswell, Mr. Snyder, and Mr. Houston, and The Tactical Edge LLC's 219 Industrial Drive Unit B, Clarksville, Tennessee location. *See XVP Sports, LLC v. Bangs*, No. 2:11CV379, 2012 WL 4329263, at *6 (E.D. Va. Mar. 21, 2012), *report and recommendation adopted*, No. 2:11CV379, 2012 WL 4329258 (E.D. Va. Sept. 17, 2012) ("In addition, the denial notes that Norman Gladden's role as a responsible person would bar grant of the license due to his previous willful violations of the Gun Control Act."); *Barany v. Van Haelst*, No. CV-09-253-RMP, 2010 WL 5071053, at *7 (E.D. Wash. Dec. 6, 2010), *aff'd*, 459 F. App'x 587 (9th Cir. 2011) ("[t]he many continuities from The General Store to Mr. Barany's proposed successor firearms retail business, also identified as "General Store" on his application, support the conclusion that The General Store's actions, including willful violations of the Gun Control Act, are attributable to Mr. Barany.") As willful violators of the GCA, The Tactical Edge, LLC, and Mr. Boswell, Mr. Snyder, and Mr. Houston are no longer eligible to hold a Federal firearms license. *See e.g. Al's Jewelry & Loan, Inc. v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 103 F.3d 128 (6th Cir. 1996).

During the hearing, Licensee did not dispute ATF's determination that Licensee violated the GCA, rather it only disputed that the violations were committed willfully. When asked why the violations occurred, responsible person Mr. Snyder testified that he could not really speak to the specific violations because they occurred at a different location than the location where he worked, despite acknowledging that he was listed as a responsible person for both Federal firearms licenses at both locations. Responsible person Mr. Boswell asserted that the violations were "mistakes" and attributed them to human error and clerical issues. Responsible person Mr. Houston reiterated the testimony of Mr. Boswell and stated the violations were "human error."

Despite Licensee's assertions that the violations were "mistakes" and "human error," I find that there is ample evidence that the violations were committed willfully. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations.

As for the violations, similar violations had been cited during previous compliance inspections. Specifically, Licensee had previously been cited with the failure to conduct a background check in compliance with of 27 C.F.R. § 478.102 and the failure to properly complete ATF Form 4473s in violation of 27 C.F.R. § 478.124(c)(iii)(iv), 27 C.F.R. § 478.124(c)(5), and 27 C.F.R. §

478.21(a) during both the 2018 and 2020 inspections. All the violations listed in the current Notice of Revocation were cited previously on multiple occasions. ATF memorialized the need for improvement with warning conferences in 2018 and 2020. In the written follow-up to the warning conferences, Licensee was told that "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of [its] license."

I also find Licensee's history and the current violation related to the failure to conduct a background check in compliance with 27 C.F.R. § 478.102 to be particularly concerning. As set forth above, Licensee was previously cited with the failure to conduct a background check in compliance with 27 C.F.R. § 478.102 during both the 2018 and 2020 compliance inspections. ATF memorialized the need for improvement with a warning conference in 2019. In the written follow-up to the warning conferences, Licensee was told that "the violations for which you were cited could adversely impact law enforcement's ability to reduce crime and protect the public." The testimony by IOI Allen also established that complying with the requirements related to a background check is one of the most important things a Federal firearms licensee does. Licensee failed to offer any explanation for this disregard of a known legal obligation other than to just say it was a "mistake" and "human error." I find the evidence to be persuasive and note the significance of the failure to properly conduct a background check in compliance with the law and regulation.

I further note that every section of the ATF Form 4473 is important and must be completed correctly. The required information is on the Form for specific reasons to ensure the traceability of firearms and promote public safety and therefore must be afforded care and attention. Licensee's problems with maintaining compliance undermines the GCA's public safety directive.

Despite ATF's attempts to educate Licensee, impress upon it the importance of compliance, and instruct on the need for accurate record keeping, Licensee has continued to be indifferent to its legal obligations under the GCA. This resulted in the public safety risks associated with the failure to conduct a background check in compliance with 27 C.F.R. § 478.102 and the failure to properly complete ATF Form 4473s in violation of 27 C.F.R. § 478.124(c)(iii)(iv), 27 C.F.R. § 478.124(c)(5), and 27 C.F.R. § 478.21(a). Licensee's history of failing to comply with regulations clearly meets the legal standard for plain indifference of the record keeping requirements necessary to revoke the license. As such, I conclude that Licensee, by and through its responsible persons, namely Mr. Boswell, Mr. Snyder, and Mr. Houston, willfully violated the provisions of the GCA and the regulations issued thereunder. Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.74, the Federal firearms license held by The Tactical Edge, LLC is hereby REVOKED.

Dated this 29th day of March 2023.

Steven A. Kolb
Director, Industry Operations
ATF, Nashville Field Division
United States Department of Justice

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Tactical Edge, LLC
1925 Fort Campbell Blvd, Unit C
Clarksville, TN 37042

9590 9402 3343 7227 9538 75

2. Article Number *(Transfer from service label)*

7015 3010 0000 5842 4789

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7015 3010 0000 5842 4789

7015 3010 0000 5842 4789

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

**For delivery information, visit our website at *www.usps.com*®.**

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $
- ☐ Return Receipt (electronic) $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required $
- ☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Postmark Here

*Sent To* The Tactical Edge, LLC
*Street and Apt. No., or PO Box No.* 1925 Fort Campbell Blvd, Unit C
*City, State, ZIP+4®* Clarksville, TN 37042

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

