IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE TACTICAL EDGE, LLC, | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00544 |
| v. | ) JUDGE RICHARDSON |
| MERRICK B. GARLAND, et al., | ) |
| Defendant. | ) |

## **ORDER**

On November 22, 2023, Defendants filed a Motion to Dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), 41(b), and 55(a). (Doc. No. 52, "Motion"). Defendants argue that a corporation cannot appear without counsel, and Plaintiff has failed to secure counsel since its attorney filed a motion to withdraw (Doc. No. 49), that motion was granted (Doc. No. 50), and the court-ordered date to secure new counsel, November 21, 2023, has passed. Plaintiff has not filed any opposition to the Motion and remains unrepresented. Additionally, Plaintiff previously represented (in its arguments for a preliminary injunction) that Plaintiff would not continue to litigate this matter if its motion for a preliminary injunction was denied. As that motion was denied (Doc. No. 47), these previous statements also indicate that Plaintiff does not intend to secure new representation or further prosecute its case.

As the title of the Motion indicates, Defendants move for dismissal primarily under Rule 12(b)(1) and also alternatively under Rules 41(b) and 55(a), and so the Motion can be construed as actually making three different alternative motions, which the Court will refer to, respectively, as the Rule 12(b)(1) motion, the Rule 41(b) motion, and the Rule 55(a) motion. The Court is

inclined to address Plaintiff's Rule 12(b)(1) motion first because Defendants presented it first in the Motion. More to the point, a motion under Rule 12(b)(1) is one based on a purported lack of subject-matter jurisdiction and if the motion is meritorious (such that, as claimed, the court lacks subject-matter jurisdiction, the Court cannot and should not take additional action, including addressing motions under Rules 41(a) and 55(a).[1]

Regarding its Rule 12(b)(1) motion, Defendants argue:

> . . . Rule 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction, and standing implicates subject matter jurisdiction. A corporation has no standing in federal court to appear without counsel, and thus, the failure to obtain counsel implicates subject matter jurisdiction. See, e.g., *Vectair USA, LLC v. Cmty. Bancshares*, No. 2:16-cv-02911, 2018 WL 10374817, at *4 (W.D. Tenn. Mar. 1, 2018) ("The Court granted Defendants' motion to dismiss the complaint based on Plaintiff's lack of standing to represent a limited liability corporation, a dismissal properly classified as one under Fed. R. Civ. P. 12(b)(1)."); see also *QG Enterprises, LLC v. Bank of Am., Nat'l Ass'n*, No. 3:17-CV-154-DCP, 2018 WL 4643125, at *2 (E.D. Tenn. Sept. 27, 2018) (granting motion to dismiss under Rule 12); *Lowe v. Eltan, B.V.*, No. 9:05-CV-38, 2013 WL 1196536, at *8 (E.D. Tex. Feb. 21, 2013), report and recommendation adopted in part, 2013 WL 1196489 (E.D. Tex. Mar. 22, 2013) ("If counsel fails to appear on behalf of the entity, the district

---

[1] The Court has made this point before, albeit in a context where the alternative motion was one under Rule 12(b)(6) rather than Rule 41(b) or 55(a):

> As noted, Defendant has moved to dismiss the complaint under Rule 12(b)(1) based on a purported lack of subject-matter jurisdiction and, alternatively, under Rule 12(b)(2) based on Plaintiff's alleged failure to state a claim. (Doc. No. 16). The Court cannot grant a Rule 12(b)(6) motion, even if it were otherwise inclined to do so, unless it has subject-matter jurisdiction, and so the Court will address the Rule 12(b)(1) motion first. *See Prop. Mgmt. Connection, LLC v. Consumer Fin. Prot. Bureau*, No. 3:21-CV-00359, 2021 WL 5282075, at *4 (M.D. Tenn. Nov. 10, 2021) (noting that when confronted with these two alternative motions, "the Court must start with an analysis of subject-matter jurisdiction pursuant to 12(b)(1), because if a court does not have subject-matter jurisdiction, any 12(b)(6) defense (of failure to state a claim) would become moot if the court lacks subject-matter jurisdiction in the first place").

*Salazar v. Glob.*, No. 3:22-CV-00756, 2023 WL 4611819, at *3 (M.D. Tenn. July 18, 2023). The Court finds this discussion equally applicable Rule 41(b) or 55(a), which (as Defendants unmistakably imply in asking for dismissal with prejudice) are materially similar to Rule 12(b)(6) in that they (unlike Rule 12(b)(1)) can foster a dismissal *with prejudice* even absent "rare" (*i.e.*, extraordinary) circumstances involving sanctionable misconduct by the plaintiff.

> court may then entertain a motion for default, strike the entities' pleadings, or dismiss its claims with prejudice.") (granting motions to dismiss under Rules 12(b)(1) and 12(b)(6)). Accordingly, dismissal is warranted under Rule 12.

(Doc. No. 53 at 2-3). The Government agrees with this concise argument. Dismissal based on lack of standing is appropriate where, as here, a legal entity is unrepresented by counsel (despite being advised that it must retain counsel). And a dismissal based on lack of standing is a dismissal based on lack of subject-matter jurisdiction.

The Government asks that this dismissal be with prejudice. However, "[d]ismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001). True, "'[i]n rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion.'" *Id.* (quoting *Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1091 (D.C.Cir.1998)). But Defendants do not assert that Plaintiff has done anything that the Court would characterize as "misconduct," as contrasted with consequential nonfeasance. And the Court discerns from the record that what is involved here does not rise to the level of misconduct. And more generally, Defendants provide no support for their request for dismissal with (rather than without) prejudice; they identify no applicable legal standards, and still less do they apply any standards to the present circumstances.

Accordingly, the Court is constrained to demy the request that the dismissal be with prejudice.

CONCLUSION

The Motion is GRANTED, and this case is dismissed specifically for lack of subject-matter jurisdiction. Consistent with the general rule regarding a dismissal that does not reach the merits of a claim, this case is DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court is DIRECTED to enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE